PeáesoN, C. J.
The first exception of the defendant is allowed.
A debtor can not with a good conscience, offer to pay in depreciated notes, a debt contracted while the currency *65 was at par, and a creditor is not obliged to receive depre-ciatéd notes in payment of his'dejbt. Ur. Strudwiek bad a right to demand gold and silver, or par funds, in payment of bis debt: and if tbe debt was to be paid in negroes, it follows as a matter oí course, that tbe negroes were to be rated at specie value; otherwise the debtor would be doing indirectly what eculd not be done directly.
According to the practice in England, a debtor who seeks to redeem, must in the first place, pay the debt in gold and silver or par funds, and then take the property. In' this State as an indulgence to the debtor, he is allowed •to have the property sold, and to take the excess, after pacing the debt out of the proceeds of the sale.. In this case, there being no evidence that Ur. Strudwiek removed the negroes from the State with a fraudulent intent to evade the plaintiffs right of redemption, but on the contrary, the court being satisfied that ho removed them after the settlement with tbe other distributees of Ur. Witherspoon and legatees of Mrs. Witherspoon, upon the'well grounded belief, that the value of tko negroes was not equal to the claims he held on them, and that the right of redemption would never be sot up — intact, that ho was obliged to take the negroes in satisfaction of his claims, although the value was not supposed to he equal to the amount. The decretal order directed an account on the basis of charging Ur. Stfudwick with the value of - the negroes in payment of his claims; which is the same thing as if the negroes. had been ordered to he sold and the proceeds applied to the payment of the claims of Ur. Strudwiek. Suppose the order had been that Ur., Strudwiek should bring, the ne-groes back to this State, for the purpose of a sale, and they had been sold for Confederate not^/piv Strudwiek would not have been required ¿o take such notesin pay *66 ment of bis claims. He would have had a right to insist on being paid in gold and silver, or par funds. So it comes to the same result: that is, he has- a right to insist that he should be charged only with the specie value of the negroes, in the extinguishment of his claims. The specie valuation of the negroes must be at the date of the filing of the bill, when the plaintiff notified the defendant of his intention to set u.p his right of redemption.
It is not necessary to pass on the 2d and 3d exceptions, as they áre merely in aid of the first.
The oxccption of the plaintiff is overruled. She was not bound by the settlement made with the other distributees or legatees, and of course she can claim no benefit under it; and as^ against her Dr. Strudwick is.entitled to hold the land, as a purchaser at execution sale. For this reason it was not included iü the terms of the reference.
It is proper to say, .this case was held under advisement at the last term, not on account of the difficulty of the question of. law, but because the court was not willing, in the condition of things then existing, to declare hy a decree that Confederate nodes were depreciated. That difficulty is now out of the way. It is conceded on all hands, even by the Confederate Government, that its notes arc depreciated .and much und< ;r par.
The clerk will state an account charging the defendant with the value of tlie slaves in specie, at the date the bill was filed.